UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| QUEENSRIDGE TOWERS LLC,<br><br>　　　　　　Plaintiff(s),<br><br>　v.<br><br>ALLIANZ GLOBAL RISKS US<br>INSURANCE COMPANY,<br><br>　　　　　　Defendant(s). | Case No. 2:13-CR-197 JCM (PAL)<br><br>ORDER |

Presently before the court is defendant Allianz Global Risks US Insurance Company's (hereinafter "defendant") motion to strike plaintiff's objections to reply in support of bill of costs. (Doc. # 69). Plaintiff Queensridge Towers LLC (hereinafter "plaintiff") filed a response, (doc. # 100), and defendant filed a reply, (doc. # 101).

**I.     Background**

Plaintiff developed and owns a luxury condominium development in Las Vegas, Nevada. Plaintiff contracted with defendant for builder's risk insurance coverage. During the policy period, plaintiff's general contractor discovered scratches on glass windows installed at the property. Defendant hired an expert to investigate the claim, and eventually denied it on the grounds that the damage was excluded under the policy. (Doc. # 1).

On January 7, 2013, plaintiff brought a complaint against defendant in state court alleging claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and violations of the Nevada Unfair Claims Practices Act. On February 6, 2013, defendant removed the case to this court on diversity grounds. (Doc. # 1).

**James C. Mahan**
**U.S. District Judge**

The parties then filed cross-motions for summary judgment. (Docs. # 68, 69). On December 24, 2014, the court granted summary judgment in favor of defendant. (Doc. # 89). On January 6, 2015, defendant filed its bill of costs. (Doc. # 91). On January 20, 2015, plaintiff filed a timely objection. (Doc. # 92). Defendant then filed a reply, (doc. # 97), and plaintiff filed additional objections, (doc. # 98).

Defendant then filed the instant motion to strike plaintiff's second set of objections.

## II. Legal Standard

### i. Motion to strike

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Additionally, district courts have inherent power to control their own dockets, including the power to strike items from the docket. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010).

### ii. Bill of costs

Federal Rule of Civil Procedure 54(d)(1) states that "costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Rule 54(d) creates a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003). However, "[t]he party seeking costs bears the burden of proving the amount of compensable costs." *Slaughter v. Uponor, Inc.*, No. 2:08-cv-01223-RCJ-GWF, 2010 WL 3781800, at *2 (D. Nev. Sept. 20, 2010).

"A prevailing party who claims such costs shall serve and file a bill of costs and disbursements on the form provided by the Clerk no later than fourteen (14) days after the date of entry of the judgment or decree." LR 54-1(a). Local Rule 54-1(c) provides that "[t]he Clerk shall tax the costs not later than fourteen (14) days after the filing of objections or when the time within which such objections may be filed has passed." LR 54-1(c).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

"Any objections to a bill of costs shall be filed and served no later than fourteen (14) days after service of the bill of costs." LR 54-13. "If an objection to a cost bill is filed, the cost bill shall be treated as a motion and the objection shall be treated as a response thereto." LR 54-13(b)(3). "A party may obtain review of the Clerk's taxation of costs by motion to retax under Fed. R. Civ. P. 54(d), accompanied by points and authorities." LR 54-14(a).

### III. Discussion

Defendant moves to strike plaintiff's objections to defendant's reply in support of its bill of costs. Defendant argues that the applicable rules allow a reply but do not allow additional objections. (Doc. # 99).

In support of its motion, defendant cites a number of cases in this jurisdiction in which the parties filed replies to bills of costs. *See, e.g.*, *Secalt S.A. v. Wuxi Shenxi Constr. Mach. Co.*, No. 2:08-cv-336-JCM-GWF, 2010 WL 5387576, at *1 (D. Nev. Dec. 21, 2010) (reversed in part on other grounds). Defendant also cites a decision denying a motion to strike a reply to a bill of costs on the grounds that "LR 54-13 does not prohibit a reply." *Marshall v. Kirby*, 3:07-cv-00222-RAM, 2010 WL 4923486, at *11 (D. Nev. Nov. 29, 2010).

Plaintiff responds that its additional objections were warranted because defendant's reply contained new arguments not asserted in its bill of costs. (Doc. # 100). Plaintiff contends that defendant's bill of costs failed to comply with Local Rule 54-1(b), in that it did not "set forth each item so that its nature can be readily understood . . . ." LR 54-1(b). Accordingly, plaintiff explains, it had to file further objections to respond to defendant's arguments first raised on reply.

Defendant replies that because the standard form for a bill of costs does not provide for argument or evidence, defendant's reply simply contained arguments and evidence required to respond to plaintiff's objection. (Doc. # 101).

Upon the filing of objections to a bill of costs, the cost bill is treated as a motion, and the objection is treated as a response. LR 54-13(b)(3). Pursuant to Local Rule 7-2, a moving party may file a reply in support of its motion within seven days. LR 7-2. However, nothing in the local rules authorizes surreplies. *See* LR 7-2(a)-(c). Surreplies are disfavored and only authorized to

**James C. Mahan**
**U.S. District Judge**

- 3 -

address new matters raised in a reply. *Harkey v. U.S. Bank, N.A.*, No. 2:14-cv-00177-RFB-GWF, 2015 WL 300271, at *1 (D. Nev. Jan. 21, 2015).

Notably, defendant fails to cite any rule explicitly prohibiting objections to a reply to a bill of costs. However, because an objection to a cost bill transforms that bill into a motion, plaintiff's second set of objections essentially constitutes a surreply. Surreplies are generally not allowed without leave, and have been stricken by courts in this jurisdiction. *See, e.g.*, *FDIC v. Jacobs*, No. 3:13-cv-00084-RCJ, 2013 WL 6410022, at *4 (D. Nev. Nov. 26, 2013); *Richards v. Univ. Med. Center of S. Nev.*, No. 2:09-cv-02444-LDG-PAL, 2011 WL 1098968, at *2 (D. Nev. Mar. 21, 2001) (granting motion to strike a "supplement" to an opposition, which the court construed as a surreply).

Plaintiff argues that if the court grants the motion to strike plaintiff's additional objections, the court should also strike the new evidence and argument in defendant's reply. A party is generally prohibited from raising new issues for the first time in its reply brief. *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990). Where a reply asserts new evidence, the court may strike the information, and should not consider it without giving the opposing party an opportunity to respond. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).

Upon review of defendant's reply, the court finds that it does not raise new arguments or introduce new evidence. Instead, defendant's reply concedes that certain amounts should be reduced, and addresses plaintiff's objections in an attempt to support the remaining costs requested in its cost bill. (Doc. # 97). Accordingly, the court will not grant plaintiff's request to strike information or argument from defendant's reply.

Plaintiff's second set of objections mainly restates the arguments presented in its original objections, claiming that defendant is not entitled to various costs as claimed in its cost bill. (Doc. # 98). The court will not permit the parties to endlessly file argument regarding taxable costs. Pursuant to the procedure provided in the local rules and Federal Rules of Civil Procedure, one set of objections and one reply to the cost bill will be permitted in this case.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

In reviewing these filings, the court finds that each party has been afforded adequate opportunity to present its position. Plaintiff's initial objections provide ample argument against the amounts set forth in defendant's bill of costs, and defendant had a chance to refute these contentions in its reply. For the foregoing reasons, the court will grant the motion to strike plaintiff's second set of objections. This document will be stricken from the record.

The clerk of court should review the bill of costs, objection, and reply, in awarding costs. The parties appear to agree that defendant is entitled to costs, disputing only the proper amount of costs to be awarded. (Docs. # 92, 97). If defendant failed to show that the amounts in its cost bill are taxable, the clerk may reduce or deny taxation of certain costs accordingly. Should either party take issue with the clerk's taxation of costs, it may obtain review of the clerk's taxation of costs by timely filing a motion to retax costs. *See* Fed. R. Civ. P. 54(d); LR 54-14.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to strike, (doc. # 99), be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's second set of objections to defendant's bill of costs, (doc. # 98), be, and the same hereby is, STRICKEN from the record.

IT IS FURTHER ORDERED that the clerk of court shall tax costs within fourteen (14) days of the date of this order.

DATED March 26, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**