UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| QUEENSRIDGE TOWERS LLC, | Case No. 2:13-CR-197 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, | |
| Defendant(s). | |

Presently before the court is defendant Allianz Global Risks US Insurance Company's (hereinafter "defendant") motion to retax costs. (Doc. # 105). Plaintiff Queensridge Towers LLC (hereinafter "plaintiff") filed a response, (doc. # 106), and defendant filed a reply, (doc. # 107).

**I.   Background**

Plaintiff developed and owns a luxury condominium development in Las Vegas, Nevada. Plaintiff contracted with defendant for builder's risk insurance coverage. During the policy period, plaintiff's general contractor discovered scratches on glass windows installed at the property. Defendant hired an expert to investigate the claim, and eventually denied it on the grounds that the damage was excluded under the policy. (Doc. # 1).

On January 7, 2013, plaintiff brought a complaint against defendant in state court alleging claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and violations of the Nevada Unfair Claims Practices Act. On February 6, 2013, defendant removed the case to this court on diversity grounds. (Doc. # 1).

The parties then filed cross-motions for summary judgment. (Docs. # 68, 69). On December 24, 2014, the court granted summary judgment in favor of defendant. (Doc. # 89). On

**James C. Mahan**
**U.S. District Judge**

January 6, 2015, defendant filed its bill of costs, seeking $263,544.01 in costs. (Doc. # 91). On January 20, 2015, plaintiff filed a timely objection. (Doc. # 92). On January 27, 2015, defendant filed a reply, agreeing to withdraw $10,919.28 in costs but still seeking $252,624.73. (Doc. # 97).

On April 9, 2015, the clerk of court taxed costs against plaintiff in the amount of $39,994.35. (Doc. # 103). On the same date, the clerk issued a memorandum regarding taxation of costs. (Doc. # 104).

Defendant then filed the instant motion.

## II. Legal Standard

Federal Rule of Civil Procedure 54(d)(1) states that "costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Rule 54(d) creates a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003). However, "[t]he party seeking costs bears the burden of proving the amount of compensable costs." *Slaughter v. Uponor, Inc.*, No. 2:08-cv-01223-RCJ-GWF, 2010 WL 3781800, at *2 (D. Nev. Sept. 20, 2010).

"A prevailing party who claims such costs shall serve and file a bill of costs and disbursements on the form provided by the Clerk no later than fourteen (14) days after the date of entry of the judgment or decree." D. Nev. R. 54-1(a). Local Rule 54-1(c) provides that "[t]he Clerk shall tax the costs not later than fourteen (14) days after the filing of objections or when the time within which such objections may be filed has passed." D. Nev. R. 54-1(c).

"On motion served within the next 7 days, the court may review the clerk's action." Fed. R. Civ. P. 54(d)(1). Local Rule 54-14 specifies that a motion to retax under Rule 54(d) "shall be filed and served within seven (7) days after receipt of the notice [of the clerk's taxation of costs]." D. Nev. R. 54-14(a). "The motion shall be decided on the same papers and evidence submitted to the Clerk." D. Nev. R. 54-14(b).

## III. Discussion

Defendant takes issue with the clerk's assessment of costs with regard to a number of categories. (Doc. # 105). Defendant does not dispute the amount taxed for fees of the clerk, so

James C. Mahan
U.S. District Judge

- 2 -

the court will affirm the clerk's taxation as to that amount. The court will address the parties' arguments as to each remaining type of costs in turn.

### a. Fees for service of summons and subpoena

Defendant sought $4,138.01, and the clerk allowed $3,713.01, for "fees for service of summons and subpoena." Defendant argues that the deducted fees are taxable under Local Rule 54-2 as "fees for authorized process servers." (Doc. # 105).

The clerk taxed $3,713.01 as the amount of process server fees "substantiated with attached documentation." The clerk found that "[t]he fees for skip trace ($50.00), retainer to locate and serve ($250.00), and RUSH skip trace ($125.00) for Jay Foster are not taxable costs." As a result, the clerk deducted $425.00 from defendant's requested costs for this category. (Doc. # 104).

The court agrees with this assessment of costs. While defendant provided invoices for the denied costs, (doc. # 91-2), defendant provides insufficient evidence to show that these costs were reasonably necessary. Accordingly, the motion to retax will be denied as to this category.

### b. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case

Defendant sought $37,960.50 in costs under this category, and the clerk allowed $33,370.50. (Doc. # 105). The clerk found that "the costs for CD litigation package ($935.00), synchronizing videos ($3,235.00), 'production of documents' ($100.00), 'production and processing' ($50.00), and 'video-media/archive' ($270.00)" were not taxable. (Doc. # 104).

Costs related to depositions are generally available to the prevailing party. *See Wash. State Dep't of Transp. v. Wash. Nat. Gas Co., Pacificorp*, 59 F.3d 793, 806 (9th Cir. 1995). Defendant argues that the disputed costs "are all associated with obtaining the original deposition transcript and video and were necessary to have one complete deposition transcript." (Doc. # 105).

The Ninth Circuit has disallowed costs for synchronizing deposition videotapes and transcripts, on the grounds that such a service is not necessary. *Kalitta Air LLC v. Central Tex. Airborne Sys. Inc.*, 741 F.3d 955, 958-59 (9th Cir. 2013). Accordingly, the court finds that defendant's requested costs for synchronizing videos were properly denied.

**James C. Mahan**
**U.S. District Judge**

- 3 -

Moreover, defendant's bill of costs lacks sufficient information supporting the necessity of the remaining denied costs in this subsection. While defendant seeks to clarify the purpose of these costs in the instant motion, the court's analysis on a motion to retax costs is confined to the evidence before the clerk in the bill of costs. The court will therefore deny the motion to retax costs as to this category.

### c. Fees and disbursements for printing

The clerk denied defendant's request for in-house printing costs in the amount of $4,556.00. (Doc. # 104). Defendant states that these costs should be awarded because they were incurred by defendant's counsel "to copy documents for use as exhibits for deposition and for use as attachments in motion practice." (Doc. # 105).

The clerk denied these costs based on insufficient information as to the specific purpose of these expenses. (Doc. # 104). Having reviewed the evidence before the clerk for taxation of costs, the court agrees with the clerk's denial of these costs.

Defendant's supporting documentation fails to provide any breakdown of printing costs or state the purpose for such costs. By contrast, defendant's exhibit in support of this cost sets forth a mere two lines stating the client and vendor names, the total cost, and a five-year date range. (Doc. # 91-4).

As plaintiff argued and the clerk held, defendant has failed to meet its burden of proving that these costs are taxable under Local Rule 54-6(a). D. Nev. R. 54-6(a) (specifying taxable and non-taxable printing costs). The court will therefore deny the motion to retax costs as to this category. No costs will be taxed for fees and disbursements for printing.

### d. Fees for witnesses

Defendant requested $3,560.68 for expert witness fees in its bill of costs. (Doc. # 103). The clerk refused to tax this amount on the grounds that witness fees are capped at $40.00 per day. The clerk calculated the witness fee rate based on 28 U.S.C. § 1821, awarding costs for one day of deposition testimony, one day for travel, and mileage, for each witness. On this basis, the clerk taxed $176.80 in costs. (Doc. # 104).

James C. Mahan
U.S. District Judge

- 4 -

1        Defendant argues that its expert witness fees should be taxed because plaintiff's counsel chose to depose defendant's out-of-state witnesses in Las Vegas, forcing them to travel and incur additional costs. (Doc. # 105).

       Defendant cites a number of cases, which are not controlling on this court, in support of its request for expert witness fees. (Doc. # 105). One of these cases allowed costs pursuant to a specific statutory scheme and is therefore not applicable here. *See Voggenthaler v. Maryland Square, LLC*, No. 2:08-cv-1618-RCJ-GWF, 2010 WL 4316883, at *1, *10 (D. Nev. Oct. 20, 2010) (awarding expert witness fees pursuant to cost provision in the Resource Conservation and Recovery Act).

       Defendant also cites two civil rights cases, which are distinguishable on their facts. *See, e.g.*, *Gorelangton v. City of Reno*, 638 F. Supp. 1426, 1435 (D. Nev. 1986) (exercising discretion to tax costs for witness fees based on "anomalous" nature of civil rights cases); *Coulter v. Newmont Gold Co.*, 873 F. Supp. 374, (D. Nev. 1994) (allowing witness fees in civil rights case but reducing costs on motion to retax).

       "[A]bsent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and [18 U.S.C.] § 1920." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). Section 1821 allows witness attendance fees of $40 per day, including travel and mileage. 28 U.S.C. § 1821(b), (c). Section 1920 provides for "[c]ompensation of court appointed experts." 18 U.S.C. § 1920; *see also Crawford*, 482 U.S. at 442 (finding that courts may tax expert witness fees in excess of the "limit set out in § 1821(b) only when the witness is court-appointed").

       These statutes do not otherwise permit recovery of travel costs and expert witness fees. *See* 18 U.S.C. § 1920 (limiting taxation of expert witness fees to court-appointed experts); *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 580 (9th Cir. 2010) (noting that travel expenses are non-taxable costs but allowing recovery under statutory fee provision).

       For the foregoing reasons, the court finds that defendant is not entitled to expert witness fees in excess of the amounts taxed by the clerk. The motion to retax will therefore be denied as to this category.

**James C. Mahan**
**U.S. District Judge**

- 5 -

   *e. Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case*

Defendant requested $202,123.00 in costs for exemplification and copies. (Doc. # 103). Defendant argues that it is entitled to the requested costs because they were incurred as a result of plaintiff's discovery requests and subpoenas. (Doc. # 105). The clerk found that $2,384.04, the amount incurred for deposition exhibits, was the total amount substantiated by the attached documentation. Accordingly, the clerk reduced this category of costs to that amount. (Doc. # 104).

The local rules do not allow defendant to recover every copying cost incurred over the course of the instant case. *See* D. Nev. R. 54-6(a) (identifying recoverable copying costs); D. Nev. R. 54-12 (specifying costs not ordinarily allowed). Costs of copies are recoverable if they are "necessarily obtained for use in the case." 28 U.S.C. § 1920(4); D. Nev. R. 54-6(a).

Having reviewed the parties' filings, the court will deny the motion to retax costs as to this category. The court agrees with the clerk that defendant presented insufficient evidence in its bill of costs to show that the requested costs are taxable. Defendant's itemization of costs identifies a number of costs for "reproduction and processing of select files" as well as "scanning and processing storage files." (Doc. # 91-6).

Defendant has not shown that these copying costs were necessary, and defendant is not entitled to recover the cost of all copies made throughout the course of discovery. Accordingly, the court will not allow defendant to recover the $202,123.00 it requested under this category.

Based on the foregoing analysis, the court will deny the motion to retax costs in its entirety.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to retax costs, (doc. # 105), be, and the same hereby is, DENIED.

DATED July 2, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**